FILED: December 10, 1998

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

**FILED**

**DEC 10 1998**

LARRY W. PROPES, CLERK
COLUMBIA, S. C.

No. 98-7755
(CA-98-3534-3-11)

LOUIS JOE TRUESDALE,

    Plaintiff - Appellant,

versus

DAVID M. BEASLEY, Governor of South
Carolina; C. J. CEPAK, Warden, Broad River
Correctional Facility; MICHAEL MOORE,
Commissioner, South Carolina Department of
Corrections; STEPHEN G. BIRNIE, Director,
South Carolina Department of
Probation, Parole and Pardon Services; WILLIE
WELDON, Warden, Lieber Correctional Facility,

    Defendants - Appellees.

ORDER

Before us is the motion of Louis Truesdale to reopen the appeal of Gilbert & Gleaton v. Beasley, No. 98-7755 (4th Cir. Dec. 4, 1998), and to substitute himself as the appellant.[1] The court grants the motion to reopen and to substitute Louis J. Truesdale for Mr. Gilbert and Mr.

---

[1] Inasmuch as we heard the earlier habeas appeal in this case, Truesdale v. Moore, 142 F.3d 749 (4th Cir. 1998), cert. denied, 119 S. Ct. 380 (1998), the case has been transferred to us for review.



Gleaton in the appeal of this case. The court denies, however, the relief that Mr. Truesdale seeks. We remand the case to the district court with directions that it be dismissed.

This lawsuit, styled as a 42 U.S.C. § 1983 challenge to South Carolina's clemency procedures, seeks a last-minute stay of Mr. Truesdale's execution. The Supreme Court has instructed us that federal judicial interference in the clemency and commutation procedures of the states should only be rarely undertaken. See Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 464 (1981). A last minute disruption of these procedures is even less to be encouraged.

Under South Carolina law, the Governor has absolute discretion to grant clemency. He may also at his discretion refer or decline to refer a clemency application to the South Carolina Probation, Parole, and Pardon Services Board. S.C. Code Ann. § 24-21-910. Nothing in South Carolina law restricts the number or timing of clemency applications or the information that may be submitted in support thereof. We see no evidence that the State of South Carolina intends to act in an arbitrary fashion with respect to Truesdale's case or to deny him access to the State's clemency process. See Ohio Adult Parole Auth. v. Woodard, 118 S. Ct. 1244, 1253-54 (1998) (O'Connor, J., concurring in part and concurring in the judgment). Whereas the petitioner speaks generally of an entitlement to "a hearing," we have no reason to believe that his case will not be fairly considered or that the Governor of South Carolina will fail to consider the individual circumstances of his case. Given the Supreme Court's reluctance to micromanage state clemency proceedings, we must decline to grant petitioner the requested relief.

The offense of which petitioner was convicted occurred in 1980, and his case has been the subject of extensive litigation and review in state and federal court since that time. For the above reasons, we find that Truesdale's claims are without merit, and we remand his case to the district court with directions that it be dismissed. Petitioner's request for a stay of execution is also denied. The mandate shall issue forthwith.

Entered at the direction of Chief Judge Wilkinson, with the concurrence of Judge Williams and Judge Michael.

For the Court

/s/ Patricia S. Connor
Clerk